**Opinion filed August 18, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00027-CV

_____

## IN THE INTEREST OF J.D.W., A CHILD

On Appeal from the 318th District Court

Midland County, Texas

Trial Court Cause No. FM 50,501

## M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of J.D.W.'s mother and father. The father (appellant) has filed a notice of appeal from the termination order. J.D.W.'s mother has not filed an appeal. We affirm.

*Issues*

Appellant presents eight issues for review. In the first and second issues, he asserts that the evidence is legally and factually insufficient to support the finding that he knowingly placed or knowingly allowed J.D.W. to remain in conditions or surroundings which endangered J.D.W.'s physical or emotional well-being. In his third and fourth issues, appellant challenges the legal and factual sufficiency of the evidence supporting the finding that he engaged in conduct or knowingly placed J.D.W. with persons who engaged in conduct that endangered J.D.W.'s physical or emotional well-being. In the fifth and sixth issues, appellant challenges the

legal and factual sufficiency of the evidence supporting the finding that appellant constructively abandoned J.D.W. In the seventh and eighth issues, appellant asserts that the evidence is legally and factually insufficient to support the finding that termination is in the best interest of J.D.W.

*Legal and Factual Sufficiency*

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T) and that termination is in the best interest of the child. Section 161.001. In this case, the trial court found that appellant committed four of the acts listed in Section 161.001(1). The trial court found that appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child, had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child, had constructively abandoned the child who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. *See* Section 161.001(1)(D), (E), (N), (O). The trial court also found that termination was in the child's best interest. *See* Section 161.001(2).

Appellant has not challenged the trial court's finding under Section 161.001(1)(O) that he failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child. The evidence presented by a Department

caseworker shows that appellant failed to comply with the court-ordered services. Furthermore, the record shows that appellant was incarcerated at the time J.D.W. was removed and that appellant admitted that he was unable to care for his child, that he had not been a fit parent, that he had engaged in domestic violence in the presence of his child, and that he had abused alcohol and illegal drugs. Appellant allowed J.D.W. to remain with the child's mother even though appellant was aware that the child's mother suffered from depression and abused illegal drugs. J.D.W. was removed from the mother's residence when he was one year old after J.D.W. and his four-year-old brother were found outside with no supervision three separate times in a four-month period. On the last occasion, the four-year-old brother drove a vehicle across a county road and into traffic while J.D.W. was outside and could have been struck by the vehicle. We hold that the evidence is legally and factually sufficient to support the trial court's findings under Section 161.001(D), (E), and (O) because the trial court could reasonably have formed a firm belief or conviction that appellant knowingly placed or knowingly allowed J.D.W. to remain in conditions or surroundings that endangered his physical or emotional well-being, that appellant had engaged in conduct or knowingly placed J.D.W. with persons who engaged in conduct that endangered his physical or emotional well-being, and that appellant failed to comply with the provisions of the court-ordered service plan.

The next question we must address is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

3

The record shows that, prior to removal, J.D.W. had been placed in life-threatening situations and had been endangered by the domestic violence between the parents. The parents were in and out of jail or prison, abused alcohol and drugs, and failed to provide J.D.W. with a safe, stable environment. When J.D.W. was removed by the Department, he was placed in a relative's home where he remained at the time of trial. The couple with whom J.D.W. had been placed desires to adopt him. J.D.W. has thrived while in the couple's care and is in a stable, warm, loving environment. The record also shows that neither appellant nor J.D.W.'s mother has demonstrated the ability to take care of J.D.W. or to provide him with a safe environment. Though he had been released from prison, appellant did not visit J.D.W. during the five months prior to trial, and he did not appear in person at the trial. Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction that termination of appellant's parental rights would be in J.D.W.'s best interest. We cannot hold that this finding is not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the finding that termination of appellant's parental rights is in the best interest of J.D.W.

Appellant's first, second, third, fourth, seventh, and eighth issues are overruled. Because the fifth and sixth issues regarding abandonment are not dispositive of the appeal, we do not address them. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's order terminating the parental rights of J.D.W.'s father.


JIM R. WRIGHT

CHIEF JUSTICE


August 18, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4